UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUIGI GIROTTO,

                         Plaintiff,                  Case No. 18-CV-8733 (DAB)

        -against-

SMCP USA, INC, etc., et al.,

                         Defendants.

**DEFENDANT 8-14 PRINCE OWNERS LLC'S
ANSWER TO COMPLAINT AND CROSS-CLAIM AGAINST SAMUJI, INC.**

Defendant **8-14 Prince OWNERS LLC,** by its attorneys The Law Firm Of Jeffrey S. Dweck, P.C., as and for its answer to the Complaint and as and for its Cross-Claim against defendant Samuji, Inc., respectfully alleges as follows:

1. No answer is required to the allegations contained in this paragraph of the Complaint, which states legal conclusions, rather than factual assertions. To the extent an answer is required, Defendant denies the allegations contained in this paragraph of the Complaint.

2. No answer is required to the allegations contained in this paragraph of the Complaint, which states legal conclusions, rather than factual assertions. To the extent an answer is required, Defendant denies the allegations contained in this paragraph of the Complaint.

3. No answer is required to the allegations contained in this paragraph of the Complaint, which states legal conclusions, rather than factual assertions. To the extent an answer is required, Defendant denies the allegations contained in this paragraph of the Complaint.

4. Defendant denies the allegations contained in this paragraph of the Complaint as they relate to Defendant or its property and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint.

5. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, subjections (a) through (c) and denied the

allegations contain in subsection (d) of the Complaint except admits that the Defendant is a New York limited liability company who owns the building(s) known as 8-12 prince Street, New York, New York.

   6. No answer is required to the allegations contained in this paragraph of the Complaint, which states legal conclusions, rather than factual assertions. To the extent an answer is required, Defendant denies the allegations contained in this paragraph of the Complaint.

   7. No answer is required to the allegations contained in this paragraph of the Complaint, which states legal conclusions, rather than factual assertions. To the extent an answer is required, Defendant denies the allegations contained in this paragraph of the Complaint.

   8. No answer is required to the allegations contained in this paragraph of the Complaint, which states legal conclusions, rather than factual assertions. To the extent an answer is required, Defendant denies the allegations contained in this paragraph of the Complaint.

   9. No answer is required to the allegations contained in this paragraph of the Complaint, which states legal conclusions, rather than factual assertions. To the extent an answer is required, Defendant denies the allegations contained in this paragraph of the Complaint.

   10. No answer is required to the allegations contained in this paragraph of the Complaint, which states legal conclusions, rather than factual assertions. To the extent an answer is required, Defendant denies the allegations contained in this paragraph of the Complaint.

   11. No answer is required to the allegations contained in this paragraph of the Complaint, which states legal conclusions, rather than factual assertions. To the extent an answer is required, Defendant denies the allegations contained in this paragraph of the Complaint.

   12. Defendant denies the allegations contained in this paragraph of the Complaint.

   13. Defendant denies the allegations contained in this paragraph of the Complaint.

   14. Defendant denies the allegations contained in this paragraph of the Complaint.

15. No answer is required to the allegations contained in this paragraph of the Complaint, which states legal conclusions, rather than factual assertions. To the extent an answer is required, Defendant denies the allegations contained in this paragraph of the Complaint.

16. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint.

17. Defendant denies the allegations contained in this paragraph of the Complaint.

18. Defendant denies the allegations contained in this paragraph of the Complaint.

19. Defendant denies the allegations contained in this paragraph of the Complaint.

20. Defendant denies the allegations contained in this paragraph of the Complaint.

21. No answer is required to the allegations contained in this paragraph of the Complaint, which states legal conclusions, rather than factual assertions. To the extent an answer is required, Defendant denies the allegations contained in this paragraph of the Complaint.

22. Defendant denies the allegations contained in this paragraph of the Complaint.

23. Defendant repeats its responses, above.

24. No answer is required to the allegations contained in this paragraph of the Complaint, which states legal conclusions, rather than factual assertions. To the extent an answer is required, Defendant denies the allegations contained in this paragraph of the Complaint.

25. No answer is required to the allegations contained in this paragraph of the Complaint, which states legal conclusions, rather than factual assertions. To the extent an answer is required, Defendant denies the allegations contained in this paragraph of the Complaint.

26. Defendant denies the allegations contained in this paragraph of the Complaint.

27. Defendant denies the allegations contained in this paragraph of the Complaint.

28. Defendant repeats its responses, above.

29. Defendant denies the allegations contained in this paragraph of the Complaint.

30. Defendant denies the allegations contained in this paragraph of the Complaint.

31. No answer is required to the allegations contained in this paragraph of the Complaint, which states legal conclusions, rather than factual assertions. To the extent an answer is required, Defendant denies the allegations contained in this paragraph of the Complaint.

32. No answer is required to the allegations contained in this paragraph of the Complaint, which states legal conclusions, rather than factual assertions. To the extent an answer is required, Defendant denies the allegations contained in this paragraph of the Complaint.

33. Defendant denies the allegations contained in this paragraph of the Complaint.

34. Defendant denies the allegations contained in this paragraph of the Complaint.

35. Defendant denies the allegations contained in this paragraph of the Complaint.

36. Defendant denies the allegations contained in this paragraph of the Complaint.

37. Defendant repeats its responses, above.

38. Defendant denies the allegations contained in this paragraph of the Complaint.

39. Defendant denies the allegations contained in this paragraph of the Complaint.

40. Defendant denies the allegations contained in this paragraph of the Complaint.

41. Defendant denies the allegations contained in this paragraph of the Complaint.

## AFFIRMATIVE DEFENSES

By pleading the following Affirmative and/or other Defenses, Defendant does not concede that each of the matters covered by the numbered defenses is to be proven by Defendant, and Defendant reserves the position that Plaintiff retains the burden of proof on all matters necessary to state the claims asserted in the Complaint and to establish the requested relief. Without prejudice to its denials and other statements of its pleadings, Defendant alleges the following defenses.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff lacks standing to seek relief under Title III of the ADA for herself, and all persons similarly situated, with respect to conditions that do not affect her disability.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff lacks standing to seek injunctive relief as she is under no threat of imminent harm.

## FOURTH AFFIRMATIVE DEFENSE

Defendant did not design or construct the property at issue in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

The premises provide equivalent facilitation and/or appropriate means for patrons with disabilities to enjoy their goods, facilities and services.

## SIXTH AFFIRMATIVE DEFENSE

To the extent any alterations were made to the premises triggering the requirements of 28 CFR § 36.403 (path of travel), the costs of meeting those requirements are disproportionate to the cost of the alterations.

## SEVENTH AFFIRMATIVE DEFENSE

Assuming arguendo, that the ADA Standards at 28 CFR Part 36 App. A are deemed relevant to this case, any deviations from these guidelines are *de minimis* and within construction and/or manufacturing tolerances.

## EIGHTH AFFIRMATIVE DEFENSE

The removal of the alleged access barriers is not readily achievable.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover attorneys' fees for moot claims.

### TENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff was not provided with equal and full accommodations, advantages, facilities, privileges, or services, it was because Plaintiff failed to provide sufficient notice of the need, and sufficient opportunity to do so.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff cannot recover for any violations she did not personally encounter and which have not deterred any desire for access.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to take any reasonable steps to mitigate, alter or otherwise reduce her alleged damages, including attorneys' fees and costs. Thus, any damages, including attorneys' fees and costs awarded, should be reduced accordingly.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from asserting any claims for relief against Defendant as Plaintiff has not suffered any damages as a result of any actions taken by Defendant or its agents.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to they extent they seek to impose upon Defendant obligations for which Defendant is not legally responsible.

### FIFTHTEENTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, as Plaintiff's claims are moot.

### SIXTEENTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or on part, because the conditions complained of on the property are not controlled or operated by Defendant.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The Complaint is barred in whole or on part, because the property complained of was built before the enactment of the ADA's 2010 Standards for Accessible Design Guidelines and the 2014 New York City Administrative Code, and Defendant has not made alterations to the property.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The Complaint is barred as to Defendant, in whole or on part, as Defendant was not responsible for and did not make any alterations, changes or repairs to the property since the original construction of the property.

## CROSS-CLAIM AGAINST SAMUJI, INC.
### (BREACH OF LEASE; DEFENSE AND INDEMNIFICATION)

1. Cross-claimant Defendant ("Landlord") is a New York limited liability company, licensed to do business in the State of New York.

2. Upon information and belief, defendant Samuji, Inc. LLC ("Tenant") is a New York corporation.

3. In or about September 2016, Samuji, Inc. (as tenant) entered into a lease ("Lease") with Landlord for a portion of the ground floor in the building known as 8-12 Prince Street, New York, New York, as more particularly described on Schedule A of the Lease ("Premises").

4. Section 4.03 requires Tenant (at its expense) to comply with all Applicable Laws respecting the Premises, or the use or occupancy thereof, whether imposed upon Landlord, Tenant, the Land, the Building or otherwise.  That provision states that Tenant's obligations shall include, without limitation, compliance with Applicable Laws pertaining to, or in connection with, disabled persons.

5. In addition, Section 4.05 of the Lease requires Tenant to indemnify and hold Landlord (and Landlord's Affiliates and successors in any interest) harmless from and against all claims, causes of action, liabilities, losses, damages, injunctions, suits, actions, fines, penalties and expenses, including

reasonable attorneys' fees and out-of-pocket costs, arising out of or in connection with (among other things) (a) any breach by Tenant of the Lease (or any obligation arising thereunder), (b) any violation of Applicable Laws, and (c) Tenant's use of the Premises.

6. Thus, Section 4.05 of the Lease requires Tenant to indemnify and hold Landlord (and Landlord's Affiliates and successors in any interest) harmless from and against all claims, causes of action, liabilities, losses, damages, injunctions, suits, actions, fines, penalties and expenses, including reasonable attorneys' fees and out-of-pocket costs, arising from or relating to this action, in which plaintiff alleges that Tenant violated Applicable Laws, and which arises out of, or connection with Tenant's use of the Premises.

7. Landlord has demanded that Tenant defend, indemnify and hold Landlord, Landlord's Affiliates and successors in any interest, harmless from and against all claims, causes of action, liabilities, losses, damages, injunctions, suits, actions, fines, penalties and expenses, including reasonable attorneys' fees and out-of-pocket costs, arising from or relating to this action.

8. Tenant has wrongfully refused to defend Landlord against the claims in this action.

9. Landlord is entitled to recover from Tenant its reasonable attorney's fees, costs and expenses incurred in the defense of this action (and prosecution of this cross-claim) under the Lease.

10. In the event that judgment is entered against Landlord in this action, Tenant is required to indemnify Landlord against such liability pursuant to the Lease.

11. Landlord is also entitled to recover from Tenant its reasonable attorney's fees, costs and expenses incurred in the prosecution of this cross-claim pursuant to Section 9.23 of the Lease.

**WHEREFORE**, defendant Defendant demands judgment:

A. Dismissing the Complaint with prejudice;

B.	Awarding Defendant damages against defendant Samuji, Inc. for breach of the Lease, including the attorneys' fees, costs and disbursements incurred in the defense of this action, and the amount of any judgment that may be entered against Defendant in this action;

C.	Awarding Defendant its attorneys' fees, costs and disbursements incurred in the defense of this action and the prosecution of the cross-claim; and

D.	Granting such other and further relief as may be just and proper.

Dated:  New York, New York
        June 14, 2019

**THE LAW FIRM OF JEFFREY S. DWECK, P.C.**
*Attorneys for Defendant*
*8-14 PRINCE OWNERS LLC*

By: Jeffrey S. Dweck, Esq.
43 West 33rd Street, Suite 304
New York, New York 10001
212-967-0500
Email: jeffrey@dweckny.com

To:	THE WEITZ LAW FIRM, P.A.
    Bank of America Building
    18305 Biscayne Blvd., Suite 214
    Aventura, Florida 33160
    Telephone: (305) 949-7777